IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| PATRICIA HUNT, | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| MOLLERTECH SOUTH, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, Patricia Hunt ("Hunt"), by and through his undersigned counsel, and files this Amended Complaint against Mollertech South, LLC ("Mollertech"), pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, *et seq.*), as amended (hereinafter "FLSA" or "the Act"), and in support thereof would further state as follows:

### I.   Introduction

1. This action is brought to recover unpaid overtime compensation owed to the Plaintiff by Mollertech, and all affiliated companies, pursuant to the FLSA. The Plaintiff works as a Quality Assistant for Defendant.

2. Defendant has committed violations of the FLSA by failing to compensate Plaintiff, a non-exempt employee, at an overtime rate for all hours worked in excess of 40 hours in a given workweek.

3. Plaintiff seeks unpaid overtime compensation for work performed, an equal amount of liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## II. Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

5. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c) because a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant Mollertech maintains a place of business within this District.

## III. Parties

6. Plaintiff PATRICIA HUNT resides in Elberton, Georgia (within this District) and is a citizen of the United States. Hunt is employed by Defendant Mollertech in Elberton, Georgia as a Quality Assistance employee. She regularly works within this District.

7. Defendant MOLLERTECH SOUTH, LLC is a corporation based in Detroit, Michigan, which conducts business within this State and District and maintains a place of business at 1445 Mineral Springs Rd., Elberton, GA 30635. Mollertech owns and operates a company that produces part for automobile. Mollertech is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit

and can be served through its designated agent Kristine Nowowicki at 1445 Mineral Springs Rd, Elberton, GA 30635. Mollertech was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all times material to this action, Defendant was engaged in commerce as defined by Section 203(s)(1)(A) of the FLSA and had an annual gross volume of business which exceeded $500,000.

9. At all times during Plaintiff's employment with Mollertech, the named Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within ten years preceding the filing of this lawsuit.

10. The overtime provisions set forth in Section 207 of the FLSA apply to Defendant.

11. During the period of time material to this action, Defendant employed Plaintiff as a Quality Assistant.

12. Plaintiff was and is responsible for assuring the quality control at Mollertech's facility in Elberton, Georgia.

13. Plaintiff is not being, and has not been, compensated for overtime spent working for Mollertech.

14. Plaintiff has previously requested overtime compensation from Mollertech. Mollertech has refused to pay time-and-a-half for every hour worked over 40, despite Plaintiff's requests for same.

15. Plaintiff's position as a Quality Assistant fails to qualify for an exemption to overtime under the Fair Labor Standards Act.

16. During the statutory period, Plaintiff routinely worked for Defendant in excess of forty (40) hours per week without overtime compensation.

17. This practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, specifically Section 207(a)(1). As a result of these unlawful practices, Plaintiff has suffered a loss of wages.

18. Upon information and belief, Plaintiff Hunt is entitled to no less than fifteen thousand dollars ($15,000.00) in unpaid overtime compensation from Defendant. Under the FLSA, Plaintiff Hunt is also entitled to an equal amount in liquidated damages, as well as all fees and costs associated with this action.

### IV.   COUNT ONE-Violation of the Fair Labor Standards Act

19. Plaintiff hereby repeats and incorporates by reference paragraphs 1-18 herein.

20. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

21. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to pay overtime compensation to Plaintiff in accordance with Section 207 of the FLSA.

22. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with Section 207 of the FLSA.

23. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

24. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation.

## V. Prayer For Relief

WHEREFORE, the named Plaintiff, individually and on behalf of all other similarly situated persons, pursuant to Section 216(b) of the FLSA, pray for the following relief:

   A. That Plaintiff be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

   B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees pursuant to the FLSA, as well as O.C.G.A. §§ 13-6-11 and 9-15-14 to the extent applicable;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which she may be entitled.[1]

Respectfully submitted this 4th day of December, 2017.

_____
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA 31201
404-994-3128
tyler@kaspersfirm.com

Counsel for Plaintiff PATRICIA HUNT

---

[1] Plaintiff has attached hereto a Civil Action Cover Sheet as "Exhibit 1" and a Summons for the defendant as "Exhibit 2."