# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA,
# ATHENS DIVISION

| | | |
|---|---|---|
| PATRICIA HUNT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: |
| | § | 3:17-CV-00167(CDL) |
| MOLLERTECH SOUTH, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Patricia Hunt ("Plaintiff") and Defendant, Mollertech South, LLC ("Defendant") hereby request approval of the Parties' executed Settlement Agreement, filed under seal concurrently herewith. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court and the Parties request that the approval be entered as a stipulated final judgment (a proposed order is attached hereto as Exhibit "A").

### I.  Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is

supervised by the Secretary of Labor. See 29 U.S.C. 216(c); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. <u>Id.</u>; see also <u>Sculte, Inc. v. Gandi</u>, 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); <u>Jarrad v. Southeastern Shipbuilding Corp.</u> 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Lynn's Food Stores</u>, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against her employer which was adversarial in nature.

The Parties agreed that the instant action involved disputed issues, including (1) whether Plaintiff was paid properly pursuant to the FLSA and (2) the amount of alleged overtime at issue. Plaintiff and her counsel discussed Plaintiff's alleged unpaid wages and formulated their own proposed settlement figures. In reaching this proposed settlement, Plaintiff's counsel considered the potential value of Plaintiff's claims, and based on their assessment of the evidence, concluded that the proposed settlement terms reflect a fair, adequate, and reasonable settlement for their client in all respects. In reaching this conclusion, Plaintiff's counsel appropriately considered the risk of litigation through trial and appeal, including and not limited to (1) the difficulty in Plaintiff proving the alleged overtime hours worked; (2) Defendant's defenses, and (3) a verdict adverse in whole or in part on the issues of liability or damages.

The Parties then engaged in settlement discussions, and through their attorneys, voluntarily agreed to the terms of this proposed settlement during such negotiations. All Parties were counseled and represented by their respective

attorneys throughout the litigation and settlement process. Plaintiff seeks approval of $2,879.18 in damages to Plaintiff as described in Paragraphs 3(a) and 3(b) of the executed Settlement Agreement filed concurrently herewith. Plaintiff's counsel seeks approval of $3,686.51 in attorney's fees and costs as described in Paragraph 3(c) of the executed Settlement Agreement. The Parties agree that this amount is appropriate and was negotiated separate and apart from Plaintiff's FLSA claim.

The Parties believe their individual positions have merit, however, neither side believes prevailing in the litigation is a certainty, either at the trial or appellate level. Thus, taking into account the uncertainty and risk inherent in this litigation, and the costs and time which would be required to pursue the litigation further, the Parties decided that it is desirable and beneficial to settle the litigation in the manner set forth in the Settlement Agreement. All Parties further agreed that the proposed settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.

## II.  Conclusion.

Wherefore, the Parties respectfully request that this Court approve their Settlement Agreement and dismiss the instant action as well as any and all other pending claims between them with prejudice.

Respectfully submitted this 27th day of February, 2018.

_____
**Tyler B. Kaspers**
Georgia Bar No. 445708
152 New Street, Ste. 109B
Macon, GA 31201
Counsel for Plaintiff Patricia Hunt

_____ w/p by TBK
**Roy E. Manoll, III**
Georgia Bar No. 469710
Fortson, Bentley and Griffin, P.A.
2500 Daniell's Bridge Road
Building 200, Suite 3A
Athens, GA  30606
706-548-1151
rem@fbglaw.com
Counsel for Defendant
Mollertech South, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed and served the Joint Motion for Approval of Settlement Agreement by using the CM/ECF system, which will automatically send an email notification of such filing to the following attorney of record:

Roy E. Manoll, III
2500 Daniell's Bridge Rd.
Bldg. 200, Suite 3A
Athens, GA 30606
rem@fbglaw.com

This 27th day of February, 2018.

Tyler B. Kaspers
Attorney for Plaintiff